WISE v. MILLS et al. In re MILLS et al. WISE v. HENKEL.

(Circuit Court of Appeals, Second Circuit. July 1, 1911.)

Nos. 293, 294.

ARREST (§ 71*)—EVIDENCE—SEIZURE OF PROPERTY—ORDER FOR RETURN—ENFORCEMENT.

Where books and papers belonging to persons charged with crime were seized on a bench warrant directing the arrest of such persons, and some of the books and papers had no relation to the matters in issue, it was within the nonreviewable discretion of the court to order their return, and to enforce such order as against the district attorney by contempt proceedings.

[Ed. Note.—For other cases, see Arrest, Dec. Dig. § 71.*]

Appeal from and in Error to the Circuit Court of the United States for the Southern District of New York.

Proceeding by Henry A. Wise against Lawrence H. Mills and others. In the matter of Lawrence H. Mills and others for an order on the said Wise to show cause why certain books and papers, seized at the time of petitioners' indictment, should not be surrendered to them. Proceeding by said Wise, individually and as United States Attorney for the Southern District of New York, against William Henkel, United States Marshal in and for the Southern District of New York, to review an order requiring Wise to return certain books and papers to petitioners Mills and others, and punishing him for contempt for refusal to do so. Writs of error in the first two proceedings, and appeal from an order discharging a writ of habeas corpus in the last-named proceeding, dismissed.

See, also, United States v. Mills, 185 Fed. 318.

Felix Frankfurter, Asst. U. S. Atty., for appellant.

Everett, Clarke, Benedict & Ward (A. Leo Everett, of counsel), for appellees.

Before COXE and WARD, Circuit Judges.

COXE, Circuit Judge. It is conceded in the brief submitted by the United States attorney that the writ of error to review the original order directing the return of the seized books and papers will not lie.

It is unnecessary for us to attempt to assign the limits within which a seizure of an indicted defendant's books and papers may be justifiable, for the reason that we find no warrant in the law for such a wholesale appropriation of the defendants' property as is disclosed by this record. Books and papers were seized and taken from their possession which did not, in any way, relate to the crime charged in the indictment.

Assuming that papers relating to the particular offense charged may be seized upon a bench warrant directing the arrest of the defendants, the assumption does not aid the position of the government, for these were not such books and papers.

The order was not only interlocutory but it was discretionary as well.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Starting, then, with the undoubted right of the circuit judge to make the order which was not reviewable, it follows that it was not only proper to enforce it, but it was his duty to do so. In other words, the only course for the United States attorney to pursue was to obey the order. If he did not do so, the court had no alternative but to compel him to obey. There can be no error in enforcing a perfectly valid order. In short, having found the original order proper and valid, we cannot hold the proceedings to enforce it improper and invalid.

We need hardly add that no reflection is intended upon the course of the United States attorney, who was acting in accordance with what he deemed to be his duty, in order that the question might be tested in the courts.

The writs of error and appeal are dismissed.